ON July 11 2019 Hall was served a Federal Detainer For Conspiracy To possess with Intent to Distribute Methamphetamine Title 21 USC § 846, 841(a)(1)

ON July 31 2019 Hall appeared beFore District Judge Clifton L Corker and entered a plea oF Not guilty To Conspiracy To Distribute 50 grams or more oF Methamphetamine Its salts Isomers and salts oF Isomers a Schedule II controlled substance In Violation oF Title 21 United states code section 841(a)(1) [21 U.S.C §§ 846, 841(b)(1)(A).

Hall argues For a lesser charge oFFence oF a controlled substance

Stating That Methamphetamine ("which In a NonInJectable") Form Is a schedule III controlled substance under Title 21 USC 812 schedules oF controlled substances which Is Updated and republished on a semiannual Basis Beginning one year aFter October 27 1970 and shall be updated and republished on an annual Basis Thereafter

United States v. Jimmie ("Kendall") 887 F.2d 240 (9th cir 1989)

(a)

Kendall maintains the government's proof at trial varied from the charges in the indictment because the substance introduced into evidence, a powder form of methamphetamine, does not properly fall under Schedule II of 21 U.S.C. §812, which addresses only methamphetamine in an injectable liquid form but falls instead under Schedule III which includes substances containing methamphetamine, "except in injectable liquid"

(1)

The Attorney General, after proceeding required by 28 USC. §§ 811(a) and 812(b) may add substances between those schedules 21 USC § 811(a). Kendall contends the original rescheduling of all forms of methamphetamine to Schedule II, accomplished in 1971 by the Director of the Bureau of Narcotics and Dangerous Drugs ("BNDD") was ineffective because BNDD lacked authority at that time to reschedule controlled substances. He admits the Drug Enforcement Administration ("DEA") now has such authority, but argues they have never properly exercised it with respect to methamphetamine. Submitted August 22 1989

United States v. Carl Eugene "Jones" 852 F.2d 1235 (9th Cir 1988)

(B)

Jones maintains that under the Comprehensive Drug Abuse Prevention and Control Act of 1979 ("The Act") methamphetamine is classified as a Schedule III controlled substance.

(1)

The acts sets forth five schedules of controlled substances and specifies the initial classification of substances in each schedule 21 USC § 812(a). However, the act authorizes the Attorney General to transfer substances between schedules if certain criterias are met 21 USC § 811(a).

(2)

In 1974 acting under authority delegated by the Attorney General the Drug Enforcement Administration reclassified methamphetamine from a Schedule III controlled substance to a Schedule II controlled substance.

1) 

In 1971 The Bureau of Narcotics and Bad Drugs rescheduled all methamphetamine To schedule II But lacked authority. Then In 1989 The Drug Enforcement Administration ("DEA") Now has authority but have never exercised It

2) 

If the DEA never followed The procedures and made The finding required To reschedule Methamphetamine In 1989 How could The BNDD change It In 1971 and why does It state In Jones v. United states 852 F.2d 1235 (9thcir 1988)

3) 

That under authority by The Attorney General The Dea reclassified Methamphetamine From schedule III To schedule II In 1974 and at The Time It was July or august 1988

4) 

and Now Its February 2020 and It states In The Federal Law Book which has Been updated and republished In 2018 any substance containing any amount of Methamphetamine In an Injectable liquid Is schedule II and any substance containing any amount of methamphetamine That Is Not Injectable Is schedule III

In Both cases kendall and Jones was charged with conspiracy To manufacture methamphetamine 846, 841 (a)(1) and manufacture methamphetamine 841 (a)(1).

Neither kendall or Jones was charged with Conspiracy To possess with Intent To Distribute methamphetamine 846, 841, (b)(1)(c) or Distribute methamphetamine 841, (b)(1)(c)

In 1971, 1974, 1979, 1988, and 1989 all 5 different years It has stated That someone Different Had The authority To change The schedule OF Methamphetamine or even Did so change The schedule. and at the same Time It say They lacked The authority To change The schedule or Never exercised It. But not One Time mentions any thing about The "secertary" oF health and human services. which states under 21 USC 811 (2)(b) ___ Before The attorney General can Initiate proceedings under subsection (a) To control a Drug or other substance or To remove a Drug or other substance entirely From a schedule

and after gathering The Necessary Data, request from The secretary a scientific and medical evaluation, and his recommendations, as to whether such drug or other substance should be controlled or removed as a controlled substance. In making such evaluations and recommendations, The secretary shall consider The Factors. The recommendations of The secretary shall include recommendations with respect To The appropriate schedule, if any, under which such drug or other substance should be listed. The evaluation and The recommendations of The secretary shall be made In writing and submitted To The attorney General within a reasonable Time.

From 1970 until Now which Is year 2020 Thats 50 years and It still states under Title 21 812 Schedules of controlled substances That any substance containing any amount of "an Injectable liquid" form of Methamphetamine Is schedule II. and any substance containing any amount of a "Non Injectable liquid" form of methamphetamine Is a schedule III. Which was last updated and republished In Dec 20 2018.

during The process oF Manufacturing Methamphetamine IT would be a liquid Form a schedule II

Hall argues That IN his Indictment he Is Not charged with a liquid Form oF methamphetamine But Is charged with a powder Form oF methamphetamine a schedule II. 50 grams or more oF Methamphetamine. Liquid Is Not measured IN grams but IN units, mililiters Liters and gallons But Not grams So Therefore Hall should Be charged with a Controlled III substance and not schedule II