IN THE UNITED STATES DISTCT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 2:19-CR-96 |
| | ) | JUDGE GREER |
| JOSHUA MARTIN HALL | ) | |

MOTION TO DISMISS INDICTMENT

The Defendant, Joshua Martin Hall, by counsel, hereby moves this Honorable Court to dismiss the indictment in the above captioned matter with prejudice because the government has violated the Speed Trial Act and in violation of Mr. Hall's Sixth Amendment Right to Due Process of Law.

*Memorandum of Law*

On July 11, 2019, Joshua Martin Hall was residing in the Southwest Region Jail in Abingdon, Virginia, (SWVRJ) when he was served a detainer in this case. Prior to being served the detainer, Mr. Hall had obtained a trustee position and was working in the kitchen of SWVRJ and rapidly shortening his state court sentence. Since being served with the detainer, his ability to work in the jail has been revoked and his ability to move more freely about the facility have been terminated. Even though Mr. Hall is still being housed in SWVRJ because it also serves as a federal holding facility, he has lost valuable rights, status and privleges because he has been reclassified as a result of being served with the detainer in this case.

On July 31, 2019, Mr. Hall appeared before the Honorable Clifton L. Corker and entered a plea of not guilty to Count One of the Indictment, conspiracy to distribute fifty grams or more of Methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in volation of Title 21, United States Code Section 841(a)(1). [21 U.S.C. §§ 846, 841 (b)(1)(A)] Following initial appearance, appointment of counsel and arraignment on July 31, 2019, Mr. Hall was held without any activity on his case until January 23, 2020 when the Magistrate Cynthia R. Wyrick

conducted a hearing setting the case for trial on June 9, 2020.  During the hearing and in the Order on Discovery and Scheduling, Doc. 253, filed 01, 23, 2020,  the Magistrate Court declared that all time between the filing of the Order and the new trial date to be "excludable time" under the Speedy Trial Act.  The Magistrate Court determined the time to be excludable under the Speedy Trial Act because "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial. See 18 U.S.C. §3161(h)(7)(A)." Doc 253.  Mr. Hall's issue is the time from July 31, 2019, to the scheduling conference on January 23, 2020, which is approximately 176 days.  Approximately, 106 days longer than the 70 days allowed by the Speedy Trial Act.  The problem with that 176 day period is that the majority of it was useless time.  Discovery was not obtained until November 11, 2019, so there was impossible to make any progress towards trial preparation or plea negotiations.  So, not only was Mr. Hall removed from his kitchen job, which shortened his state sentence, and limited to his cell and pod, he was unable to discover anything about the case against him or make progress towards resolving the case against him while waiting for the last remaining defendants to be rounded up and brought before this Court.  Mr. Hall was also prevented from participating in programming such as GED classes, Anger Management, parenting classes, and The Drive Program, which helps inmates better themselves, readapt to society and shorten their state imprisonment time.

To establish a violation of the Sixth Amendment right to a speedy trial, on balance, four factors must weigh in the defendant's favor: the length of the delay, the reason for the delay, the defendant's assertion of right to a speedy trial, and prejudice suffereed as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  In this case, the four factors clearly weigh in the defendant's favor.  The delay was more than double the requirement of the 70 day limit set by the Speedy Trial Act.  More than double may not be enough to give rise to a presumption of prejudice, but it is certainly significant. Second, the reason for the delay is simple enough, the governement did not secure the presence of the other defendants quickly enough.  The governement cannot be allowed to continue to arrest a few

defendants and let them set in custody for time periods greatly exceeding the Speedy Trial Act limit waiting to eventually round up the remainder of the defendants. It makes a mockery of the Speedy Trial Act and the Sixth Amendment right to due process of law. Third, the defendant's assertion of the right to a speedy trial. The defendant did not assert his right during the time in question because he believed that the government would secure the remaining defendants quickly and that his case would get scheduled for trial. His faith in the governement to pursue his codefendants with haste was a mistake that should not harm him. Further, it took counsel time to meet with Mr. Hal, research the law and draft this motion. Fourth, the prejudice suffered by the defendant in this case was great.

Wherefore, the defendant, Joshua Martin Hall, respectfully moves this honorable Court to dismiss the indictment against the defedant in the above captioned case with prejudice because the governement violated the Speedy Trial Act and the defendant's Sixth Amendment right to due process of law.


RESPECTFULLY SUBMITTED:

_sl_ Casey A. Sears II
Casey A. Sears II
TN BPR No. 026576
CJA Attorney for the defendant
128 E. Market Street,
Johnson City, TN 37604
(423) 282-0038


Certificate of Service
I hereby certify that on the date recorded in ECF, a copy of the foregoing Motion was filed electronically. Notice of the filling of the document will be sent by operation of ECF. A copy of this motion will be sent to the AUSA by email.

s/Casey A. Sears II