UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-96 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHUA MARTIN HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant, by and through counsel, has filed a Motion to Dismiss the Indictment in this matter alleging that the United States has violated the Speedy Trial Act and his Sixth Amendment right to a Speedy Trial. [Doc. 293]. The United States has filed a response in opposition to the motion [Doc. 300]. The motion has been referred to the undersigned pursuant to the standing orders of this Court and 28 U.S.C. § 636 and is now ripe for resolution.

Defendant was indicted on July 9, 2019, along with thirty co-defendants. [Doc. 3]. Defendant's initial appearance was held on July 31, 2019. A scheduling conference was held on January 23, 2020.[1] The initial appearance and arraignment of the last defendant in this case was then held on January 31, 2020, which provided an initial Speedy Trial Act deadline of April 30, 2020.

---

[1] One of the co-defendants in this matter was being held in Georgia while awaiting sentencing on federal charges there, resulting in uncertainty as to when she would be released to appear for arraignment; thus, in the interest of setting the case for trial in a timely manner, the Court actually scheduled the matter for trial shortly before the final co-defendant appeared for arraignment.

## I. SIXTH AMENDMENT

In *Barker v. Wingo*, 407 U.S. 514, 521 (1972), the Supreme Court held that the right to a Speedy Trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months. A defendant's claim that he has been denied a speedy trial is subject to a balancing test in which the conduct of both the prosecution and the defendant are weighed. *Id.* at 530. The factors to be considered are (1) the length of the delay; (2) the reason for that delay; (3) whether the defendant asserted his right to a speedy trial; and (4) any prejudice to the defendant. *Id.* Each case must be decided on an ad hoc basis. *Id.*

The Supreme Court also pointed out in *Barker* that the length of the delay is to some extent a triggering mechanism, *i.e.* until there is a delay which is presumptively prejudicial, there is no need to analyze the other three listed factors. *Id.* The Supreme Court further observed that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531. In a footnote to *Doggett v. United States*, the Supreme Court also observed that "[d]epending on the nature of the charges, lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." 505 U.S. 647, 652 n. 1 (1992).

Even if there is a finding that a delay was "presumptively prejudicial" it does not shift the burden of proof from the defendant to the government or create a presumption in the usual sense. *See id.* at 651-52. Rather, a delay that is "presumptively prejudicial," serves as the "triggering mechanism" which requires analysis of the three remaining factors set forth above. *See id.* at 652. If the delay is not "presumptively prejudicial," the court is not required to inquire into the remaining three factors; thus, there can be no Sixth Amendment speedy trial violation without a delay which is presumptively prejudicial. *Id.*

Here, the original sealed Indictment was filed on July 9, 2019, and the Indictment remained sealed until January 14, 2020. Defendant was served with a detainer in this case on July 11, 2019, and the first Defendant appeared before this Court on July 15, 2019. "As far as determining the 'length of delay' the time begins running when an Indictment is returned or when a sealed indictment is unsealed, or when [a defendant] is arrested . . ." *United States v. McPherson*, No. 2:08-cr-38, 2009 WL 2146360, at *3 (E. D. Tenn. July 14, 2009) (citing *United States v. Watson*, 599 F.2d 1149 (2nd Cir. 1979)). Notably, "the speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed (or when the Government arrests the defendant or otherwise apprises him of the charges against him.)" *Id.* Under these guidelines, the earliest applicable date in this case is July 15, 2019, the date Defendant was brought before the Court for an initial appearance; thus, this is the beginning date for purposes of a Sixth Amendment analysis.

The question is whether the delay between July 15, 2019 and Defendant's trial date of August 11, 2020, is "presumptively prejudicial" such that it triggers an analysis of the remaining *Barker* factors. As noted above, one of the important factors to consider when analyzing whether a delay is presumptively prejudicial is the nature of the charges brought against a defendant. Here, Defendant is one of thirty-one defendants indicted in a complex drug conspiracy case. This is the very type of case the Supreme Court referenced when noting that longer delays do not always give rise to presumptive prejudice. Given the complex nature of Defendant's case, it does not appear to the Court that Defendant is entitled to a finding of presumptive prejudice; however, given that a little more than one year will have passed between Defendant's initial appearance and trial, the Court will undertake an analysis of the remaining *Barker* factors as though presumptive prejudice had been demonstrated.

In addressing the first two *Barker* factors, the length of delay and reason for it, the Court notes that there was roughly a sixth month delay between the time of Defendant's arrest and the scheduling of this case for trial as the United States sought to bring the remaining thirty defendants charged in the conspiracy before the Court. Given the large number of defendants to be located and brought in, this delay appears quite reasonable and Defendant has not presented any facts to the Court that indicate the government was less than diligent.

As to the third *Barker* factor, Defendant's actions in asserting his right to a speedy trial, the Court notes that Defendant did not object to the initial trial date chosen in this matter nor did he object when the trial was later continued upon motions made by several of his co-defendants [Docs. 272-73, 275, 277-79]. The Court does note that Defendant did not join in the motion made to set trial outside the confines of the Speedy Trial Act when the case was initially scheduled for trial and also did not join in the motions to continue, but he did not object during either hearing. Defendant first raised the issue of whether his right to a speedy trial had been violated via a motion filed on May 8, 2020 [Doc. 293], after the case had been set for its current trial date for almost a month. These factors all weigh against a finding that Defendant's Sixth Amendment right to a speedy trial has been violated.

The last *Barker* factor to be analyzed by the Court is whether the delay at issue has prejudiced Defendant. Defendant alleges that because of his indictment for the charges at issue, he has been unable to continue working in a trustee position to shorten his state court sentence [Doc. 293, p. 1]. While the Court acknowledges this loss to Defendant, most of that loss would have been incurred by Defendant regardless of the delay at issue and the mere fact that Defendant has suffered some prejudice as a result of the delay between indictment and trial is insufficient to

support a Sixth Amendment speedy trial act violation. Instead, there must be "substantial prejudice." *United States v. DeClue*, 899 F.2d 1465, 1470 (6th Cir. 1989).

It is also important to note that Defendant's trial could not have taken place on the date originally scheduled because of the COVID-19 pandemic. *See Standing Orders* SO-20-06, SO-20-12 and SO-20-13 (continuing all jury trials scheduled to commence from March 16, 2020 through June 14, 2020 before any judge in any division of the Eastern District of Tennessee). In fact, as a result of the pandemic, there is still no definitive date when the Court will be able to resume holding jury trials. *See id.* Especially in light of the inability for the Court to provide jury trials during the relevant time period because of a global pandemic, the Court cannot find that the prejudice suffered by Defendant rises to the level of "substantial prejudice" required.

In summary, the Court finds that all four *Barker* factors demonstrate that Defendant is being afforded his Sixth Amendment right to a speedy trial. Having found no violation of Defendant's Sixth Amendment right to a speedy trial, the Court will now turn to the issue of whether there is merit to Defendant's contention that his rights under the Speedy Trial Act have been violated.

## II. SPEEDY TRIAL ACT

Multiple defendants charged in a single indictment and joined for trial are subject to one Speedy Trial Act clock by virtue of 18 U.S.C. § 3161(h)(6): "[a] reasonable period of delay [is excludable from Speedy Trial Act computation] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The single Speedy Trial Act clock that applies to every defendant in such a situation is the one that attaches to the last co-defendant brought before the court. *See*, *e.g.*, *United States v. Culpepper*, 898 F.2d 65 (6th Cir. 1990). When, such as here, multiple co-defendants remain at

large, the Speedy Trial Act clock does not begin to run so long as the delay attributable to the absence of the defendants is "reasonable." *Id.*

As the Court addressed above, Defendant has failed to allege any facts which would support a finding that the government was less than diligent in bringing Defendant's thirty co-defendants before the Court. His bald assertion of unreasonable delay cannot carry the day.

When the case was initially set for trial, the Court offered a trial date within the confines of the Act, but an overwhelming majority of counsel for defendants made oral motions to set the trial outside the Act due to the complexity of the case and voluminous discovery involved. The Court later continued the case until its current setting, again upon motion of the overwhelming majority of defendants, because defense counsel had not been able to meet with their clients in person to review the voluminous discovery at issue and properly prepare for trial due to the COVID-19 pandemic. There can be no dispute about the complexity of discovery in a thirty-one-defendant drug conspiracy nor can Defendant seriously contend that the COVID-19 pandemic has not prevented defense counsel from effectively communicating with their clients and reviewing this extensive discovery.

In both instances, the Court found that sufficient grounds existed to grant the relief requested and to designate the time as "excludable" because the ends of justice served by granting the relief outweighed the interest of the public and defendants in a speedy trial. The Act specifically permits the Court to exclude time from the seventy-day deadline in this manner. 18 U.S.C. § 3161(h)(7).

Because Defendant failed to set forth any specific ways the Court allegedly violated the Act in initially setting this matter for trial or in granting a single continuance of the original trial date and has also failed to provide factual support for his contention that the Government failed to

proceed with diligence in the matter, the Court cannot find that Defendant's rights under the Speedy Trial Act have been violated.

### III. RECOMMENDATION

The Court finds that there was no violation of Defendant's Sixth Amendment right to a speedy trial nor a violation of the Speedy Trial Act. For these reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss the Indictment [Doc. 293] be **DENIED**.[2]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).