UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
TENNESSEE GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:19-CR-96 |
| | ) | JUDGE: GREER |
| JOSHUA MARTIN HALL | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

Comes now the United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and responds in opposition to the defendant's objections to the Report and Recommendations, filed as Document 360 in the above captioned case. The United States respectfully requests that the defendant's objections be overruled, and states the following in support thereof:

In response to the motion, the United States relies upon its response in opposition to the defendant's motion for dismissal (Doc. 300) as if fully restated herein. The United States further relies upon the Magistrate Judge's Report and Recommendation (Doc. 320) and the thorough reasoning therein. Additionally, the United States will address the new issues raised in the defendant's objection.

### Defendant's Claim of New Evidence

The defendant appears to offer the submission of "new evidence" to be considered by this Court. The proposed evidence to be offered is the Defendant's Docket Sheet in CMECF. It is unclear to the United States how this submission is new evidence. The Docket Sheet has been in existence since the inception of the case. Moreover, it was in existence at the time the defendant filed his original motion to dismiss. Nevertheless, the United States anticipates that this Court, like the Magistrate Judge below, will consult the Docket Sheet when examining the case.

### Consideration of a Lack of a Judgment of Continuance

Defendant next asserts, without citing to any controlling authority, that "[t]he District Court is required to consider the lack of a Judgment of Continuance in deciding whether the case against the Defendant should be dismissed because the United States and this Court violated the Speedy Trial Act by failing to try the defendant within the seventy days called for by the Speedy Trial Act." Even if this proposition is true, it fails in the context of this case. This is a multiple defendant conspiracy case. Therefore, no dates were set when the defendant had his initial appearance on July 31, 2019. Accordingly, a Judgment of Continuance could not be properly moved for nor granted. Put simply, there were no dates to be continued.

### Defendant's Claim that the Magistrate Erred concerning an Ends of Justice Continuance and the Calculation of Defendant's Speedy Trial Act Clock

The defendant contends that the Magistrate erred in finding that the "initial appearance and arraignment of the last codefendant" which occurred on January 31, 2020, "established a Speedy Trial Act date of April 30." The defendant asserts that this finding is in "direct violation of the Supreme Court's ruling." This contention, however, is not supported by case law. To the contrary, as noted in the Magistrate's Report and Recommendation, "[t]he single Speedy Trial Act clock that applies to every defendant in such a situation is the one that attaches to the last co-defendant brought before the court." *See, e.g., United States v. Culpepper,* 898 F.2d 65 (6th Cir. 1990). When multiple codefendants remain at large, the Speedy Trial Act clock does not begin to run so long as the delay attributable to the absence of the defendants is reasonable. *Id.* Here, the delay was reasonable, and the defendant has offered no facts which would support a finding that the government was less than diligent in bringing thirty codefendants before the court. Nor has the defendant offered any proof that the delay was unreasonable for any other reason. Therefore, the Speedy Trial Act date was correctly calculated. Additionally, the

Magistrate Judge, after counsel for multiple defendants made oral motions to set the trial outside the Act, made an explicit finding that the ends of justice were served and the time following was properly excludable. Therefore there was no error.

### Defendant's Claim that the Government had the Obligation to Petition the Court for a Continuance upon Approaching the end of the Seventy Day Speedy Trial Period

Finally, the defendant asserts that "…at the very least, the government had the obligation to petition the Court for a continuance upon the approaching of the end of the seventy-day Speedy Trial period." This argument is unsupported by case law and, in the context of this case, without merit. As discussed above, during the initial seventy-day period the defendant's Speedy Trial Act period had not begun to run because he was a codefendant in a thirty-one defendant indictment. Again, no dates had been set within the first seventy days for the defendant, so there was nothing for the government to move to continue. Rather, it was the defendant who had every opportunity to petition the Court for a severance or other remedy if there was concern of a violation of the Speedy Trial Act. No such motions were filed. For these reasons, the defendant is not entitled to relief under the Speedy Trial Act or the Sixth Amendment.

### Conclusion

Based upon the foregoing, the defendant has failed to demonstrate error or an adequate basis to sustain the objections. Accordingly, the United States respectfully requests that the Court overrule the defendant's objections and adopt the Magistrate's Report and Recommendation.

Respectfully submitted this, the 8st day of July, 2020.

J. DOUGLAS OVERBEY
United States Attorney

By: **s/ *Thomas McCauley***
THOMAS MCCAULEY, TN Bar#035250
Assistant United States Attorney
220 W. Depot Street, Suite 423
Greeneville, TN 37743
423/639-6759
Thomas.McCauley@usdoj.gov