UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:19–CR–96 |
| | ) |
| | ) |
| JOSHUA MARTIN HALL | ) |

ORDER

This matter is before the Court on Defendant's Objections to Magistrate's Report and Recommendation. [Doc. 360]. The United States Responded in Opposition. [Doc. 373]. After reviewing the Parties' arguments, record, and applicable law, the Objections are OVERRULED. The Report and Recommendation, [Doc. 320], is AFFIRMED, ADOPTED, and MODIFIED to be consistent with this Order.

I. Background

Defendant is one of thirty-one defendants on an indictment for conspiracy to distribute methamphetamine and other related offenses. [Doc. 3]. Defendant's initial appearance was on July 31, 2019, [Doc. 360, PageID 696], and the last co-defendant made an initial appearance on January 31, 2020. [Doc. 373, PageID 890]. A trial date was set during a hearing on January 23, 2020, before the initial appearance of the last co-defendant. [Doc. 32, PageID 583]. Now, Defendant's trial date is October 13, 2020. [Doc. 354, PageID 685]. Defendant filed a motion to dismiss on the grounds that his rights to a speedy trial under the Sixth Amendment of the United States Constitution and the Speedy Trial Act were violated. [Doc. 293]. The Magistrate Judge recommended that his motion be denied. [Doc. 320].

1

After the Magistrate Judge entered the Report and Recommendation, Defendant objected to it. [Doc. 360]. With his objection, Defendant attempted to attach the docket sheet for his case as new evidence, but his counsel had a computer error. [*Id.* at PageID 696]. The submission of the docket sheet as evidence is unnecessary, and no party disputes the accuracy of the dates reflected in the docket sheet and the documents in the record.

II. Standard of Review

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

III. Analysis

Defendant's objections state that he did not enter a waiver of his speedy trial right when he pleaded not guilty; therefore, his right to a speedy trial was asserted when he entered the plea. [Doc. 360, PageID 697]. He goes on to state that the Speedy Trial Act deadline set for April 30, 2020, violates an established Supreme Court ruling. [*Id.*]. Defendant argues that the Sixth Amendment of the United States Constitution and the Speedy Trial Act were violated because "the Magistrate Court never made an express finding on the record about the ends of justice continuance" for the time period between his initial appearance and when his trial was originally set. [Doc. 360, PageID 697]. However, the Speedy Trial Act and case law directly contradict the arguments. Neither the Report and Recommendation nor the Government state that Defendant waived his right to a speedy trial. [Docs. 300, 320]. They only state that Defendant's rights have not been violated, and they are correct.

Starting with the Constitution, the Sixth Amendment to the United States Constitution was not violated because, as the Report and Recommendation states, the delay is not unreasonable. A reasonable length of delay for a trial is difficult to calculate. *Barker v. Wingo*, 407 U.S. 514, 521 (1972). Because the right to a speedy trial is vaguer than other rights, the Supreme Court established four factors to weigh when deciding if a defendant's speedy trial right is violated. *Id.* at 521, 530. Those factors are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. The first factor is the beginning of the analysis, and if the length of delay is not unreasonable, then the other three factors do not need to be considered. *Id.*; *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011).

In the Sixth Circuit, the length of the delay, the first factor, "is measured from the earlier of the date of arrest or the date of indictment." *Young*, 657 F.3d at 414 (citing *United States v. Bass,* 460 F.3d 830, 836 (6th Cir.2006) (citing *Maples v. Stegall,* 427 F.3d 1020, 1026 (6th Cir.2005)). If the delay is one year, the delay "is presumptively prejudicial and triggers application of the remaining three factors." *Bass*, 460 F.3d at 836.

Defendant was indicted on July 9, 2019, [Doc. 3], and his trial is set for October 13, 2020, [Doc. 684], which is over a year from the date of indictment. Therefore, the first factor weighs in favor of Defendant, and all four *Barker* factors must be analyzed.

The second factor weighs substantially in favor of the United States because the reasons for the delay are compelling. The purpose of the second factor, "is to determine 'whether the government or the criminal defendant is more to blame for [the] delay.'" *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (quoting *Maples,* 427 F.3d at 1026). "[D]elays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while 'more neutral' reasons such as negligence or overcrowded dockets weigh against the

3

government less heavily." *Id.* The Sixth Circuit expressly held, "Delays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred." *Id.*

Defendant has not shown any reasons that the United States is to blame for the delay in this case. Not only is this a large case with multiple defendants and likely voluminous discovery, but the proceedings are being conducted during the COVID–19 pandemic. In fact, all jury trials were interrupted within this district for a substantial amount of time due to the pandemic. E.D. Tenn. SO–20–06.

Next, the third factor weighs in favor of Defendant as he has asserted his right to a speedy trial, and the assertion of his right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Bass*, 460 F.3d at 837 (quoting *Barker,* 407 U.S. at 531–32).

Last, the fourth factor weighs in favor of the United States. "The Supreme Court has identified three defense interests that a court should consider in a speedy trial case when determining whether a defendant suffered actual prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense was impaired." *Id.* Defendant has not argued that any of these are present. In his original motion, he stated he has lost some benefits and privileges that he had while in state custody. [Doc. 293, PageID 514]. While the Court understands that this may be frustrating, the loss of these benefits is not prejudicial under the Sixth Amendment of the United States Constitution.

After balancing these factors, it becomes clear that Defendant's Sixth Amendment right to a speedy trial has not been violated. While he has asserted his right and lost some benefits, the delay in his trial is justified considering the complexity of his case and the COVID–19 pandemic.

4

Therefore, Defendant's objection regarding the Sixth Amendment of the United States Constitution is overruled.

Moving on to the Speedy Trial Act, the Act was not violated because the speedy trial clock started when the last co-defendant made an initial appearance. Defendant states that 18 U.S.C. § 3161 was violated because an ends of justice continuance was not granted during the first seventy days after his initial appearance on July 31, 2019. [Doc. 360, PageID 698]. But an ends of justice continuance was unnecessary considering the circumstances of the case. Unless a defendant has been severed from the case, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant" under the Speedy Trial Act. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990) (citing 18 U.S.C. § 3161(h)(7)). One speedy trial clock governs the whole case so long as a delay in trial is reasonable. *Id.* at 66–67.

In this case, Defendant did not file a motion to sever, and the time period that Defendant claims violated his right to a speedy trial does not count towards the speedy trial clock because it had not even started. In fact, his trial was set on January 23, 2020, before it was required to be set under the statute. Therefore, Defendant's objection that the Magistrate Judge was required to put an "ends of justice" finding on the record before all of his co-defendants made an initial appearance is overruled.

IV. Conclusion

For the above stated reasons, the Defendant's Objections to Magistrate's Report and Recommendation, [Doc. 360], are OVERRULED, and the Report and Recommendation, [Doc. 320], is APPROVED, ADOPTED, and MODIFIED to be consistent with this Order.

5

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                            UNITED STATES DISTRICT JUDGE

6

Case 2:19-cr-00096-JRG-CRW   Document 385   Filed 07/21/20   Page 6 of 6   PageID #: 940