UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-00096-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA MARTIN HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* motion requesting a reduction in sentence under Amendment 821 [Doc. 1423]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 1428]. The Government has filed a response in opposition. [Doc. 1432]. For the following reasons, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

On March 29, 2021, Defendant pleaded guilty to one count of conspiracy to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). [*See* Docs. 648, 810]. Based on a total offense level of 23 and a criminal history category of VI, Defendant's guideline range was 92 to 115 months [Doc. 1105, ¶ 106]. The Court sentenced Defendant to 92 months' imprisonment [Doc. 1263]. Defendant is currently housed at USP Florence – High with a projected release date of February 4, 2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 1, 2026). He now seeks the appointment of counsel and a sentence reduction pursuant to Amendment 821.

1

## II.  ANALYSIS

To begin, Defendant's request for counsel is moot.  Pursuant to Standing Order 24-05, the Federal Defender Services of Eastern Tennessee was appointed to represent him in his request for relief under Amendment 821.  An Assistant Federal Defender has already reviewed his case consistent with that order and determined that she will not file a supplemental motion at this time. [Doc. 1428]. Accordingly, Defendant's request for counsel is denied.

Moving to Defendant's request for a sentence reduction pursuant to Amendment 821, the Court finds that Defendant is ineligible for such relief.  Defendant's motion does not directly seek relief pursuant to Amendment 821, which he previously requested, and which the Court denied. [Docs. 1395, 1402].  Instead, Defendant argues that he received ineffective assistance of counsel and that the Presentence Investigation Report incorrectly assigned him two criminal history points for a domestic assault revocation, [Doc. 1105, ¶ 43], that occurred more than ten years before the commencement of the instant offense.  These arguments are not reviewable under Amendment 821 or 18 U.S.C. § 3582(c)(2).  Rather, these arguments could and should have been raised in a direct appeal of his conviction, or in a motion under 28 U.S.C. § 2255.  Defendant did not file a direct appeal, and the one-year statute of limitations for § 2255 motions has long since passed.[1] Accordingly, the Court does not have jurisdiction to hear his motion for sentence reduction.

## III.  CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 1423] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[1]     To be clear, the Court does not construe or treat the instant motion for sentence reduction as a motion brought pursuant to 28 U.S.C. § 2255.

2